UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ROBERT M. MAEDER,**

  **Plaintiff,**

              Case No. 2:14-cv-827
 v.            JUDGE GREGORY L. FROST
              Magistrate Judge E.A. Preston Deavers

**HOLLYWOOD CASINO,**

  **Defendant.**

**OPINION AND ORDER**

This matter is before the Court for consideration of the following filings: Defendant's motion to dismiss for failure to state a claim (ECF No. 22), Plaintiff's memorandum in opposition (ECF No. 25), and Defendant's reply memorandum (ECF No. 27). For the reasons that follow, the Court **GRANTS IN PART** and **DENIES IN PART** the motion.

 **I.**  **BACKGROUND**

This is an employment discrimination and retaliation case. Plaintiff, who is African-American, alleges that Defendant discriminated against him on the basis of race and then retaliated against him for complaining about that discrimination. A brief summary of the facts underlying Plaintiff's complaint is set forth below.

Plaintiff began working for Defendant on September 17, 2012 as a bar back. Plaintiff alleges that he was repeatedly sent home early during shifts, denied additional income opportunities, unjustifiably disciplined, and threatened with further discipline when he complained to Defendant's management about these issues. Plaintiff believed that Defendant's actions were racially motivated.

On May 9, 2013, Plaintiff filed a Charge of Discrimination ("Charge") with the Ohio Civil Rights Commission ("OCRC") and the Equal Employment Opportunity Commission ("EEOC"). (ECF No. 18-2.) Plaintiff stated in the Charge that he was discriminated against on the basis of race and retaliated against for making internal complaints about the discrimination. In the box labeled "Type of Discrimination," Plaintiff checked "discipline." (*Id*. at PAGEID # 67.) Plaintiff also included in his Charge a statement of facts stating that: (1) he complained to management in April of 2013 that employees were not being treated fairly, (2) his boss assigned him extra work, disciplined him for leaving beer out at an event, and "pointed" at him for missing a day of work, and (3) another boss declined to give him the opportunity to work the bar. (*Id*.) Plaintiff suggested that he was singled out for discipline while other employees were not.

Approximately one month after filing his Charge, on June 13, 2013, Plaintiff was injured and unable to make it to work. Two days later, on June 15, 2013, Defendant discharged Plaintiff from its employ. Defendant informed Plaintiff that he would be eligible for rehire once he healed from his injuries; however, Plaintiff was not rehired.

Plaintiff (who acknowledges that he was not entitled to protection under the Family Medical Leave Act) alleges that Defendant had allowed other employees to take short leaves of absence rather than fire them. Plaintiff further alleges that Defendant hired other employees over Plaintiff when he reapplied.

Meanwhile, at the time Plaintiff was fired, the OCRC was in the process of investigating Plaintiff's Charge. Plaintiff acknowledges that he did not amend his Charge to include the circumstances surrounding his termination.

On March 13, 2014, the OCRC issued a letter of determination regarding Plaintiff's Charge. In the letter, which Defendant attached to its motion to dismiss, the OCRC found no

2

probable cause to issue an administrative complaint against Defendant.  (ECF No. 22-1, at PAGEID # 91.)  The letter states:

> After receiving the charge, the Commission conducted an investigation into the Charging Party's allegations against the Respondent.  During its investigation, the Commission gathered and considered relevant information.  The Commission found no information or records that would raise an inference that [Defendant] unlawfully discriminated against [Plaintiff].  Specifically, the Commission found that [Plaintiff] was disciplined for a policy violation.  The Commission finds no credible information supporting [Plaintiff's] allegation of unlawful activity.

(*Id.*)

The EEOC sent a "right to sue" letter approximately one month later.  Plaintiff timely filed this lawsuit within the 90-day window set forth in that letter.

In this lawsuit, Plaintiff alleges that Defendant violated Title VII, 42 U.S.C. § 2000e et seq., and Ohio's parallel statute, O.R.C. § 4112.02 et seq., by discriminating and retaliating against him on the basis of race.  Plaintiff's Amended Complaint references the discipline discussed above (which is included in the Charge), as well as the fact that Defendant terminated his employment (which is not included in the Charge).  Plaintiff alleges that Defendant discriminated against Plaintiff on the basis of his race in violation of 42 U.S.C. § 2000e-2(a)(1) by "treating him unequally in regards to similarly-situated non-African-American employees as set forth above."  (ECF No. 20 ¶ 20.)  Plaintiff further alleges that he "was also threatened, disciplined, and ultimately discharged for complaining to Defendant regarding unlawful race discrimination (including the filing of a Charge of Discrimination with the EEOC)."  (*Id.* ¶ 21).

Defendant now moves to dismiss Plaintiff's claims on the ground that he failed to exhaust administrative remedies.  Defendant argues that the gravamen of Plaintiff's complaint is his allegedly unlawful termination, which is not mentioned in the Charge.  Defendant argues that Plaintiff was required to amend his Charge in order to pursue a claim based on his subsequent

termination. Because the Court should dismiss Plaintiff's federal claim, Defendant argues, it should decline to exercise subject matter jurisdiction over Plaintiff's state-law claims and dismiss those claims as well.

The Court considers the parties' arguments below.

## II. DISCUSSION

### A. Standard of Review

Defendant argues that the Court should dismiss Plaintiff's Title VII claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Dismissal pursuant to Rule 12(b)(6) is proper if the complaint fails to state a claim upon which the Court can grant relief. Fed. R. Civ. P. 12(b)(6). The court must construe the pleading in favor of the party asserting the claim, accept the factual allegations contained therein as true, and determine whether those factual allegations present a plausible claim for relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007). A court analyzing a Rule 12(b)(6) motion may consider the complaint, public records, and documents central to the claim that are referenced in the complaint. *Basset v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

### B. Exhaustion – Title VII

It is well settled that, "[a]s a prerequisite to bringing suit under Title VII, a claimant must exhaust his or her administrative remedies." *Scott v. Eastman Chem. Co.*, 275 F. App'x 466, 470 (6th Cir. 2008) (citing *Weigel v. Baptist Hosp. of E. Tenn.,* 302 F.3d 367, 379 (6th Cir. 2002)). A claimant exhausts his or her administrative remedies by filing a charge with the EEOC. *Id*.

The purpose of the exhaustion requirement "is to trigger an investigation, which gives notice to the alleged wrongdoer of its potential liability and enables the EEOC to initiate conciliation procedures in an attempt to avoid litigation." *Id*. at 471 (quoting *Dixon v. Ashcroft*,

4

392 F.3d 212, 217 (6th Cir. 2004)). To that end, "the judicial complaint must be limited to the scope of the EEOC investigation reasonably expected to grow out of the charge of discrimination." *Dixon*, 392 F.3d at 217 (quoting *Weigel*, 302 F.3d at 379).

The Court's inquiry is objective and focuses on the EEOC investigation one would reasonably expect to occur—not the EEOC investigation that actually occurred. In other words, "a plaintiff may fully exhaust her administrative remedies on a claim even if the claim was not actually investigated by the EEOC, or specifically stated in the charge. . . . Plaintiffs are not to be penalized if the EEOC investigation should have been larger in scope." *Scott*, 275 F. App'x at 471.

### C. Analysis – Title VII Claim

The Court begins its analysis with the observation that Plaintiff's Amended Complaint can be broken down into four subparts. First, Plaintiff alleges that Defendant discriminated against him on the basis of race by disciplining him and by denying him income opportunities. Second, Plaintiff alleges that Defendant retaliated against him by disciplining him when he complained to Defendant's management about the perceived discrimination. For ease of reference, the Court will refer to these allegations as "Claim One" and "Claim Two," respectively, despite the fact that Plaintiff included them as a single "Count One" in his Amended Complaint.[1]

Plaintiff's third allegation is that, after he filed the Charge detailing his allegations underlying Claim One and Claim Two, Defendant retaliated against him by firing him ("Claim Three"). And finally, Plaintiff's fourth allegation is that Defendant's conduct in terminating his

---

[1] The Court recognizes that filings are to be construed by their substantive content and not by their labels. *See, e.g., Sessley v. Wells Fargo Bank, N.A.*, No. 2:11-cv-348, 2012 WL 1552774, at *1 (S.D. Ohio May 1, 2012) (citing *Coleman v. Ohio State Univ. Med. Ctr.,* No. 11–0049, 2011 WL 3273531, at *6 (S.D. Ohio Aug. 1, 2011)).

5

employment was discriminatory on the basis of race ("Claim Four"). Plaintiff included these claims in the Amended Complaint's "Count One."

Defendant's motion to dismiss does not address Claim One or Claim Two. Instead, Defendant improperly attempts to conflate these claims with Claims Three and Four, arguing that Plaintiff's termination is the "focus" of Count One. (ECF No. 22, at 7.) From there, Defendant argues that the Court should dismiss Count One for failure to exhaust administrative remedies because Plaintiff's Charge does not discuss his termination.

There is no legal or factual basis on which to ignore Claims One and Two. As such, and because Defendant cannot dispute that the Charge details the circumstances underlying these claims, the Court **DENIES** Defendant's motion to dismiss these claims.

That leaves Claims Three and Four. These claims, as stated above, involve Plaintiff's termination. The issue for the Court is whether Plaintiff exhausted his administrative remedies with respect to these claims by detailing the allegedly discriminatory discipline in his Charge.

The cases the parties cite in their briefs do not directly address this issue. Most of the cases Defendant cite, for example, relate to the issue of whether an EEOC charge reasonably encompasses conduct that had occurred at the time of the charge but was omitted therefrom. *See, e.g., Collins v. Ohio Dep't of Job & Family Servs.*, No. C2-05-461, 2007 WL 2783661 (S.D. Ohio Sept. 24, 2007); *Jackson v. Ohio Bell Tel. Co.*, 555 F. Supp. 80 (S.D. Ohio 2007). That issue is different from the issue in this case—i.e., whether Plaintiff's Charge reasonably encompasses conduct that occurred after the Charge was filed.

Courts have taken a myriad of different approaches in addressing this issue. As one commentator noted:

> Courts generally allow litigation of the subsequent events if the initial charge alleged a continuing violation. Courts sometimes also are inclined to do so if the

6

> subsequent events are 'reasonably related' to the events at issue in, and the theory of, the charge, and if the EEOC in fact investigated (or at least had a reasonable opportunity to investigate) those subsequent events.
>
> Many courts take the contrary view, however, particularly where the subsequent, uncharged events were not actually investigated by the EEOC; where the uncharged acts were different in kind from those alleged in the charge; and where, under the circumstances, the charging party did, or reasonably might have been expected to, file a new charge.

*Johnston v. O'Neill*, 272 F. Supp. 2d 696, 703 (N.D. Ohio 2003) (quoting Barbara Lindemann, *et al, Employment Discrimination Law* 1452, 1451–53 (3d ed. 1996)). Because the case law is not uniform, cases from other jurisdictions that the parties cite—without any analogy to Sixth Circuit authority—do not inform the Court's analysis.

Further complicating this issue, the commentator's reference to "continuing violation[s]" highlights another problem with the parties' arguments. Prior to 2002, courts could interpret claims involving a pattern of discrimination as one "continuing violation." *See, e.g., Haithcock v. Frank*, 958 F.2d 671, 678 (6th Cir. 1992). The Supreme Court's decision in *National Railroad Passenger Corp. v. Morgan*, however, changed that analysis. 536 U.S. 101, 105 (2002) (rejecting the continuing violations theory and holding that each discrete adverse action constitutes a separate actionable unlawful employment practice under Title VII). *National Railroad* suggests that an EEOC charge should not be interpreted to include subsequent, discrete acts of discrimination. *See id.*; *see also Bowie v. Ashcroft*, 283 F. Supp. 2d 25, 34 (D.D.C. 2003) (discussing *National Railroad* in the context of an exhaustion defense). At the very least, *National Railroad* casts doubt upon the pre-2002 cases such as *Oubichon v. North American Rockwell Corp.,* 482 F.3d 569, 571 (9th Cir. 1973), on which Plaintiff relies in his brief.

Having rejected the parties' proffered authority, the Court begins its analysis with a common-sense interpretation of the general rule. Logically, the "scope of the EEOC

7

investigation reasonably expected to grow out [Plaintiff's Charge]" does not include the facts surrounding Plaintiff's allegedly discriminatory termination. The facts relevant to Plaintiff's termination (which include Plaintiff's alleged accident, his request for leave time that was denied, and Defendant's attendance and leave policy as applied to other employees, among other facts) are entirely distinct from the allegedly discriminatory acts in the Charge (which include being sent home early during shifts, being denied income opportunities, and related facts). There is nothing in the Charge that would alert the EEOC to investigate Defendant's policies with respect to employees' absences and leave requests. As such, nothing in the Charge would reasonably prompt the EEOC to investigate the circumstances surrounding Plaintiff's termination.

  Moreover, the Court is not aware of any authority that would obligate the EEOC to seek out and investigate subsequent instances of discrimination during the pendency of its investigation. To the contrary, Sixth Circuit authority suggests that it is not reasonable to assume that the EEOC will investigate subsequent conduct that occurs during the pendency of its investigation absent some connection between that conduct and the conduct described in the charge. *See Scott*, 275 F. App'x at 473 ("It is not reasonable to expect that the EEOC would investigate other promotional opportunities that were not put in front of them." (citing *Cedar v. Premier Indus. Corp.*, 869 F.2d 1489, *9 (6th Cir. 1989)). Indeed, another judicial officer in this district suggested that, to the extent a plaintiff believes he or she has been discriminated against after he or she files an EEOC charge, it is the plaintiff's responsibility to alert the EEOC or file another charge. *See Ferrero v. Henderson*, 244 F. Supp. 2d 821, 833 (S.D. Ohio Oct. 8, 2002).

  Further bolstering this conclusion is the fact that the EEOC did not investigate Plaintiff's alleged termination. The OCRC's letter suggests that it only investigated Defendant's conduct in

8

disciplining Plaintiff for a policy violation. There is no indication that either entity investigated Plaintiff's accident, his request for leave time, Defendant's denial of that request, Plaintiff's termination, and/or Defendant's decision not to rehire him.

The Court therefore concludes that Plaintiff failed to exhaust administrative remedies with respect to his allegedly discriminatory termination. As such, the Court **GRANTS** Defendant's motion to dismiss this claim.

The same analysis, however, does not apply to Plaintiff's claim of retaliation for filing the Charge. The Sixth Circuit has suggested that a plaintiff is not required to exhaust administrative remedies with respect to a claim of retaliation for filing an EEOC charge. *See Scott*, 275 F. App'x at 473–74 ("Courts have held that retaliation growing out of the EEOC charge is reasonably foreseeable and therefore a plaintiff is not required to file yet another EEOC charge." (citing *Ang v. Procter & Gamble Co.*, 932 F.2d 540, 546–47 (6th Cir. 1991)); *see also Ferrero*, 244 F. Supp. 2d at 833 ("[I]t is unnecessary for a plaintiff to exhaust administrative remedies prior to urging a retaliation claim growing out of an earlier charge . . . ." (citing *Ang*, 932 F.2d at 546–47)). That is so because "retaliation claims, by definition, arise after the filing of the EEOC charge, [and thus] this rule promotes efficiency by requiring only one filing." *Id.* at 474 n. 2.[2] Defendant's exhaustion defense therefore does not apply to Plaintiff's retaliation claim. The Court **DENIES** Defendant's motion to dismiss this claim.

### D. Plaintiff's State-Law Claims

Defendant's sole argument with respect to Plaintiff's state-law claims is that the Court lacks subject-matter jurisdiction over these claims once it dismisses the federal claim. Because a portion of Plaintiff's federal claim survives Defendant's motion, however, this argument is

---

[2] After stating this general rule, the *Scott* court rejected the plaintiff's retaliation claim because the alleged retaliation did not occur until four years after she filed her EEOC charge. 275 F. App'x at 474. That concern is not present in this case, in which Plaintiff's termination occurred approximately one month after he filed his Charge.

inapplicable. The Court therefore **DENIES** Defendant's motion to dismiss Plaintiff's state-law claims.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's motion to dismiss. (ECF No. 22.) Plaintiff's state-law claims, Title VII retaliation claim, and Title VII discrimination claim for the conduct detailed in Plaintiff's Charge remain pending in this lawsuit.

**IT IS SO ORDERED**.

/s/ Gregory L. Frost
**GREGORY L. FROST**
**UNITED STATES DISTRICT JUDGE**